**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4708

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROOSEVELT O. MOOD,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:04-cr-00682-DCN-1)

Submitted:  March 26, 2019                                Decided:  April 5, 2019

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Charles W. Cochran, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, South Carolina, for Appellant.  Sean Kittrell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roosevelt O. Mood was originally sentenced to 180 months' imprisonment for being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2012), but was resentenced to time served after his armed career criminal enhancement was found to be erroneous under *Johnson v. United States*, 135 S. Ct. 2551, 2557-58 (2015). Thereafter, Mood violated the terms of his supervised release and was sentenced to 24 months' imprisonment for the violations. Mood appeals from the revocation judgment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), claiming there are no meritorious issues for appeal, but asking whether the district court erred by declining to give him sentencing credit for the excess time he served on his § 922(g) offense. Although notified of his right to do so, Mood has not filed a pro se supplemental brief, and the Government has elected not to respond to the *Anders* brief. We affirm the revocation of Mood's supervised release but vacate his revocation sentence and remand for resentencing.

In analyzing a revocation sentence, we apply "a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [Sentencing G]uidelines sentences. . . . We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "[E]ven if a revocation sentence is plainly unreasonable, we will still affirm it if we find that any errors are harmless." *Id.*

We determine reasonableness by generally following the procedural and substantive considerations used in reviewing original sentences. *Id.* "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *Id.* (footnotes omitted); *see* 18 U.S.C. § 3583(e) (2012).

> Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments. . . . And although the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a postconviction sentence, it still must provide a statement of reasons for the sentence imposed.

*Id.* at 207-08 (alteration, ellipsis, citations, and internal quotation marks omitted).

Mood did not contest his supervised release violations but requested a downward variance sentence based on the excess time he served on the sentence for his original § 922(g) offense. The district court announced Mood's revocation sentence without explicit consideration of any of the applicable § 3553(a) factors, although it adopted the supervised release violation report, which discussed Mood's history and characteristics of the offenses and the need for the sentence imposed to protect the public from further crimes, 18 U.S.C. §§ 3553(a)(1), (2)(C), but it failed to address Mood's argument for a lower sentence. Thus, even considering our deferential standard of review, the district court's failure to sufficiently explain the revocation sentence rendered the sentence procedurally unreasonable. And because the requirement to explain a revocation sentence is well-settled in this circuit, we further conclude that the sentence was plainly

unreasonable. *See Slappy*, 872 F.3d at 210. We express no view on the substantive reasonableness of Moore's revocation sentence, leaving that to the good judgment of the trial court when accompanied by sufficient explanation.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious issues for appeal. Accordingly, we affirm the revocation of Mood's supervised release, but we vacate his revocation sentence and remand for resentencing. This court requires that counsel inform Mood, in writing, of the right to petition the Supreme Court of the United States for further review. If Mood requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*